# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

LUFLOSSIA FLOURNOY,

      Plaintiff,                                  Case No. 1:20-cv-00283

v.

ONLINE INFORMATION SERVICES, INC.,

      Defendant.

_____/

## COMPLAINT

**NOW COMES** Luflossia Flournoy ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Online Information Services, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Florida, Defendant conducts business in the Northern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Florida.

1

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who resides in the Northern District of Florida and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a collection agency with its principle office located at 685 West Fire Tower Road, Winterville, North Carolina 28590. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Florida.

**FACTS SUPPORTING CAUSES OF ACTION**

6.   Prior to the events giving rise to this cause of action, Plaintiff incurred a utility debt for an address she had previously resided at in Gainseville, Florida.

7.   Due to financial hardship, Plaintiff defaulted on her payments on the utility ("subject debt").

8.   At some point in time thereafter, the subject debt was placed with Defendant for collection.

9.   On December 1, 2020, Defendant mailed Plaintiff a dunning letter in an effort to collect the subject debt ("Defendant's Letter").

10. Defendant's Letter depicted, in pertinent part, as follows:



*Find* Contact information

PO BOX 1489
WINTERVILLE NC 28590-1489

252-317-8578

**Electronic Service Requested**

Original Amount $331.00

IF PAYING BY CREDIT CARD, FILL OUT BELOW

| ZIP CODE | | VISA | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CARD NUMBER | | | | | | | CVV CODE | EXP. DATE | |
| NAME | | | | | | ACCOUNT NO. | | | |
| SIGNATURE | | | | | | | AMOUNT $ | 08507732 | |

December 1, 2020
➤ Address Changes? Make Changes Below

LUFLOSSIA FLOURNOY
909 NW 87TH DR
GAINESVILLE, FL 32606-7154

**ONLINE INFORMATION SERVICES, INC**
PO BOX 1489
WINTERVILLE NC 28590-1489

➤ Billing Phone Number: _____

➤ Make check or money order payable to Online Information Services, Inc ◄

Pay To ▲

- - - - - ▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲ - - - - -

## IMPORTANT NOTICE

December 1, 2020

Your creditor has placed this account with this office for collection.

### ACCOUNT SUMMARY

| | |
|---|---|
| Creditor: GAINESVILLE REGIONAL UTILITY | Account #: 08507732 |
| Date of Service: September 30, 2020 | Service For: 6212 SW 8TH PL |
| PIN#: 42526 | |
| **Amount Owed:** | **$331.03** |

**ON LINE**
**INFORMATION SERVICES**

PO BOX 1489
WINTERVILLE NC 28590-1489
(252) 754-1633
(855) 254-6597

Hours of Operation
Monday - Friday: 8 AM - 5 PM, EST

UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS OF RECEIPT OF THIS NOTICE THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. UPON YOUR WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,
Account Manager U1Ext. 1633

North Carolina Department of Insurance Permit Number 888.

To make a payment on your account by credit card, you can complete the upper portion and return with your payment, or use your account number and pin number located at the top of this letter with our automated system at 866-205-5956, or log into the following web address http://payments.onlinecollections.com/.

**NOTICE:** When you provide a check as payment, you authorize us to either use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from the financial institution.

### PAYMENT OPTIONS

Free online payment at:
**payments.OnlineCollections.com**
Account: 08507732
PIN #: 42526

Call us: (866) 205-5956

Mail payment in enclosed envelope.

Scan this code with your smartphone to pay your bill online.

11. Defendant's Letter did not conspicuously identify the current creditor as required by §1692g(a)(2) of the FDCPA.

12. Specifically, Defendant's Letter identified "Gainseville Regional Utility" as the "Creditor" but did not specifically identify the identity of the current creditor.

13. Accordingly, Defendant's Letter confused Plaintiff, as she was unable to determine whether "Gainseville Regional Utility" was the "creditor" and the current creditor or whether Gainseville Regional Utility sold the debt to an unknown third party.

14. In other words, just because Gainseville Regional Utility may have been the original creditor does not necessarily mean that it is also the current creditor.

15. Although Defendant's Letter identified the debt it sought to collect, it did not identify to whom the debt is currently owed to.

16. Specifically, Defendant's Letter did not identify the entity that "referred" the subject debt to Defendant.

17. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, thus raising the possibility that Defendant is the current creditor.

18. Defendant's Letter further stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

19. This language raised the possibility that the subject debt could have been sold by Gainseville Regional Utility, but did not clarify who actually owned the subject debt.

20. Accordingly, Defendant's Letter rendered it impossible for Plaintiff to determine whether Gainseville Regional Utility, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

4

**DAMAGES**

21. Due to Defendant's failure to identify the current creditor, Plaintiff did not make a payment on the subject debt as the omission of the identity of the current creditor rendered it impossible for Plaintiff to determine whom she is ultimately paying.

22. This uncertainty resulted in an appreciable risk of harm to Plaintiff because her decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

23. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ..."). *See also, Hill v. Resurgent Capital Services, L.P.*, 461 F. Supp. 3d 1232 (S.D. Fla. 2020).

24. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having her payment swallowed into a black hole.

25. Based on the foregoing, Plaintiff was deprived of her right to receive critical information required by the FDCPA and was harmed as a result thereof.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

29. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant used the mail to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's Letter to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692g(a)(2) through its unlawful debt collection practices regarding the subject debt.

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1)     the amount of the debt;

(2)     **the name of the creditor to whom the debt is owed**;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

35. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

36. Specifically, Defendant violated §1692g(a)(2) by failing to identify the entity to whom the subject debt is currently owed to.

37. As set forth above, Defendant's Letter was highly confusing and impacted Plaintiff's decision to pay the subject debt, which resulted in concrete harm to Plaintiff as set forth above.

38. Assuming that Gainseville Regional Utility is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because the sheer presence of the correct name in the notice somewhere does not suffice to identify the entity to whom the subject debt is currently owed to.

39. Upon information and belief, Defendant systematically deceives consumers as to the identity of the creditor to whom the debt is owed, in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

40. As stated above, Plaintiff was harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, Luflossia Flournoy, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 23, 2020                    Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com